**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| J.R., by and through her Guardian Ad Litem DANYELLE DICKSON; et al., <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> CITY OF SAN BERNARDINO; et al., <br><br> Defendants - Appellants. | No. 07-56375 <br><br> D.C. No. CV-05-01045-JWJ <br><br> MEMORANDUM [*] |
| J.R., by and through her Guardian Ad Litem DANYELLE DICKSON; et al., <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> CITY OF SAN BERNARDINO; et al., <br><br> Defendants - Appellants. | No. 08-55102 <br><br> D.C. No. CV-05-01045-JWJ |

Appeal from the United States District Court
for the Central District of California
Jeffrey W. Johnson, Magistrate Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted February 3, 2010
Pasadena, California

Before: KLEINFELD, WARDLAW and CALLAHAN, Circuit Judges.

The City of San Bernardino appeals following a jury verdict awarding damages and punitive damages for excessive force used by San Bernardino police officers in arresting the plaintiffs. We affirm.

Assuming for the purposes of discussion that the district court abused its discretion by admitting the evidence that the district attorney declined to prosecute, there was no prejudice. See City of Long Beach v. Standard Oil Co. of Cal., 46 F.3d 929, 936 (9th Cir. 1995). The jury concluded that the plaintiffs shared responsibility for their injuries, and that W.R.'s arrest was not unlawful.

When reviewing whether for sufficiency of the evidence, we "must view all evidence in the light most favorable to the nonmoving party, draw all reasonable inferences in the favor of the non-mover, and disregard all evidence favorable to the moving party that the jury is not required to believe[.]" Harper v. City of L.A., 533 F.3d 1010, 1021 (9th Cir. 2008). We must uphold a jury's verdict if there "is

evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion[.]" Id. (internal quotation marks and citation omitted). Applying this standard, there was sufficient evidence to support the jury's finding that Officer Bonshire used excessive force against plaintiff W.R. The evidence shows that Officer Bonshire held W.R. while Officer Green handcuffed her, physically participating in the excessively forceful arrest for which injuries were claimed.

In deciding whether verdicts are inconsistent, the court must accept "any reasonable interpretation of the jury's actions, reconciling the jury's findings by exegesis if necessary." Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1038 (9th Cir. 2003) (internal quotation marks and citation omitted). The jury's verdict that officers Green and Bonshire used excessive force against W.R. was not fatally inconsistent under this standard with its finding that the officers were not negligent. Assuming, but not deciding, that these were special verdicts (and not general verdicts with interrogatories), the jury could have determined that the officers' intentionally, not negligently, used excessive force against W.R.

The district court did not abuse its discretion by questioning defense witnesses. Such questioning is expressly allowed by Federal Rule of Evidence 614. Fed. R. Evid. 614. "It is entirely proper for [the trial judge] to participate in the examination of witnesses for the purpose of clarifying the evidence, confining counsel to evidentiary rulings, controlling the orderly presentation of the evidence, and preventing undue repetition of testimony[.]" Swinton v. Potomac Corp., 270 F.3d 794, 808 (9th Cir. 2001) (internal quotation marks and citation omitted). The court did not "overstep the bounds of propriety and deprive the parties of a fair trial" nor did the questioning indicate bias or an appearance of "advocacy or partiality." Id. (internal quotation marks and citations omitted).

The City also appeals the district court's award of attorneys' fees to the plaintiffs, claiming that the award must be adjusted downward because the plaintiffs obtained limited success on their pleaded claims. Defendants did not argue before the district court, however, that the plaintiffs' attorneys fees were disproportionate to the results obtained under this court's standard in McGinnis v. Kentucky Fried Chicken, 51 F.3d 805, 810 (9th Cir. 1994). Instead, defendants argued that hours were claimed improperly and that the plaintiffs' attorneys' rates were too high. The trial court reviewed and reduced both the hours and rates

claimed by plaintiffs' attorneys and reduced them.  Because the limited success argument was not raised before the district court, we do not consider whether the fees were disproportionate under <u>Kentucky Fried Chicken</u>.

AFFIRMED.